(Decided 22nd January, 1891.)

---

STIEFEL AND COHEN *vs.* RANDOLPH BARTON, Garnishee of O. BREHME & Co.

*Assignment for the Benefit of Creditors—Registration of Deeds—Secs. 13, 44, 45 of Art. 21 of the Code.*

Section 205 of Article 16 of the Code. provides that every trustee to whom property shall be conveyed for the benefit of creditors, shall file with the clerk of the Court in which the deed creating the trust may be recorded, a bond to be approved by him, and

Stiefel and Cohen *vs.* Barton, Garn.

until such bond shall have been filed and approved, no title to the property shall pass to the trustee. HELD:

That the place of recording does not rest in the discretion of the trustee, as such deed comes within, and is governed by, the general registration laws of the State, which require every deed conveying real estate (Art. 21, sec. 13, of the Code,) to be recorded within six months from its date, in the county or city in which the land lies, and every bill of sale, or mortgage of personal property, (Art. 21, secs. 44, 45 of the Code) to be recorded in the county or city where the vendor or donor may reside.

An assignment of personal property to a trustee for the benefit of creditors, executed by parties doing business in Baltimore City, but residing in Prince George's County, vests no title to the property in the trustee, where the deed is not recorded in said county, and the bond is not filed with, and approved by, the clerk of the Court of said county, although the deed has been recorded in the Superior Court of Baltimore City, and the bond filed with, and approved by, the clerk of said Court; and attaching creditors acquire a lien upon the property in the hands of the trustee, which is not impaired by the recording of the deed and the filing of the bond subsequently in the proper county.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The Court below (PHELPS, J.) held upon the agreed statement of facts that the title to the goods of O. Brehme & Co., passed to Randolph Barton, trustee under the deed of assignment, as such trustee, and ordered judgment to be entered in his favor as garnishee. The plaintiffs appealed.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*M. R. Walter,* for the appellants.

*Randolph Barton,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The question in this case, turns mainly upon the construction of sec. 205, Art. 16, of the Code, which provides that "every trustee to whom any estate, real, personal or mixed, shall be conveyed for the benefit of creditors, shall file with the clerk of the Court in which the deed or instrument creating the trust may be recorded, a bond in such penalty as the clerk may prescribe," with sureties to be approved by the clerk; and that no title shall pass to the trustee "until such bond shall be filed and approved," and "no sale made by any such trustee, without such bond, shall be valid, or pass any title to such property or estate."

The language of the Code is plain, explicit and imperative. Every trustee shall file with the clerk of the Court in which the deed may be recorded, a bond to be approved by said clerk, and until such bond shall have been so filed and approved, no title to the property, says the Code, shall pass to the trustee. The recording of the deed, and the filing of the bond, and its approval by the clerk of the Court in which the deed may be recorded, are all *conditions precedent* to the vesting of title in the trustee to the property. So the inquiry comes to this: Does the law provide *where a deed of this character, creating a trust for the benefit of creditors, shall be recorded?* Now, it was argued that inasmuch as sec. 205 makes no such provision, it is a matter resting entirely in the discretion of the trustee, and that he may direct the deed to be recorded, and the bond to be filed, in any county, or in the City of Baltimore, as he may see fit. To such a construction as this, we cannot agree. The Code does provide, in express terms, where every deed conveying an interest in real property, and every bill of sale or mortgage affecting personal property, shall be recorded. It provides that every deed conveying real estate "shall be recorded within six months from its date,

in the county or city in which the land affected by such deed lies; and where it lies in more than one county, or in the City of Baltimore and a county, it shall be recorded in all the counties and the said city in which such land lies." Sec. 13, Art. 21, Code. And it further provides, that every bill of sale or mortgage of personal property "shall be recorded within twenty days from the date thereof, in the county or city where the vendor or donor resides." Secs. 44 and 45, Art. 21, Code. A deed conveying personal property to a trustee for the benefit of creditors, may not be, in a certain sense, a bill of sale, but at the same time it is a bill of sale with a declaration of trust, and as sec. 205 provides that every such deed shall be recorded, it comes within, and is governed by, the general registration laws of the State. And if so, then a deed conveying real property for the benefit of creditors must be recorded in the county or counties, or in the City of Baltimore, in which the land lies, and if it conveys personal property, it must be recorded in the county or city in *which the grantor resides.*

The design of the registration laws is to afford a convenient means of giving notice to all parties of the contents of such deeds or instruments. Now, if the contention of the appellee be sound, and it be a matter resting solely in the discretion of the trustee, it would follow that a deed by a debtor residing in Baltimore City conveying real and personal property for the benefit of his creditors, may be recorded and the bond of the trustee filed, in the office of the clerk of Garrett County. Such a construction as this, would wholly defeat the object and policy of the registration laws of the State.

Being of opinion, then, that a deed conveying property for the benefit of creditors is subject to the provisions of the Code in regard to the recording of all deeds or instruments affecting real and personal property, we come to the facts in this case. The Messrs. Brehme doing

business in Baltimore City, but actually residing in Prince George's County, made an assignment of *personal property* to the appellee, as trustee for their creditors. The deed was recorded in the office of the clerk of the Superior Court of Baltimore City, and the bond of the trustee was filed with said clerk for his approval. The deed was not, it is admitted, recorded in Prince George's County where the grantors resided, nor was the bond of the trustees filed with the clerk of the Court of that county for his approval. Such being the case, the appellants, creditors of the Messrs. Brehme issued an attachment by way of execution, and laid the same in the hands of the appellee as garnishee. And the question is, whether the property conveyed to the appellee, as trustee, is liable to attachment by the creditors of the Messrs. Brehme. Being personal property, the deed, as we have said, ought to have been recorded in Prince George's County where the grantors resided, and the bond of the trustee ought to have been filed with the clerk of that county for his approval. Until the deed is so recorded, and the bond of the trustee so filed, *no title to the property,* the Code provides, shall vest in him. And if the trustee under such circumstances, acquired no title to the property, it remained subject to the claims of the vendor's creditors. The appellants, as creditors are, therefore, in our opinion, entitled to a judgment of condemnation upon the attachment thus laid in the hands of the appellee.

Since the argument of this case, a petition has been filed by the appellee, setting forth that after the trial of the cause below, as a measure of precaution he caused the deed, and an approved bond of the trustee, to be filed with the clerk of the Court of Prince George's County. Now, if the facts set forth in this petition were properly before us, they could not in any manner affect the question. They could not affect the question, because the

appellants by their attachment had acquired a lien upon the property before the deed was recorded in Prince George's County, and before the trustee's bond was filed with the clerk of that county. And this being so, the recording of the deed, and filing the bond subsequently, could not impair, much less defeat, the lien thereby acquired.

The judgment must be, therefore, reversed, and cause remanded.

*Judgment reversed, and*
*cause remanded.*

