THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND *vs.* HANSON H. HAINES AND FRANCIS STOKES, Assignees of THE WARING MANUFACTURING COMPANY OF CECIL COUNTY, MARYLAND.

*Assignment for Benefit of Creditors—Personal property—When title Passes—Set-off.*

A deed in trust for the benefit of creditors vests the title of personal property in the trustee, when the deed is recorded and the bond filed in the county in which the grantor resides; and the subsequent recording of the deed and the filing of the bond in Baltimore City where real estate of the grantor is located, in no-wise affect the title to the personal estate. (See sec. 205 of Art. 16, and secs. 13, 44 and 45 of Art. 21 of the Code.)

The B. M. Company sold to the W. M. Company a certain lot of fertilizers. The goods were delivered, and a note for the contract price was executed and delivered. Afterwards the W. M. Company, becoming finacially embarrassed, made a deed of trust to H. and S. for the benefit of its creditors. Subsequently the B. M. Company replevied the identical goods of H. and S. and took possession of them. The replevin suit was not prosecuted with effect, but was dismissed by order of the plaintiff. The property was not returned. In an action by H. and S. against the surety on the replevin bond, it was HELD:

That the defendant could not set-off against the plaintiffs' demand the note given for the fertilizers by their assignor.

APPEAL from the Superior Court of Baltimore.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiffs offered four prayers, the fourth of which the Court (RITCHIE, J.,) rejected, and it is omitted; the other prayers are as follows:

1. If the jury find from the evidence that the Bolton Mines Company, a corporation, issued a writ of replevin

out of this Court under which they took a large amount of phosphates from the plaintiffs in this case, Hanson H. Haines and Francis Stokes, assignees for the benefit of creditors of the Waring Manufacturing Company; and further find, that at the time of the issuance of said writ, the defendant executed and delivered the bond sued upon in this case; and shall further find, that the said Bolton Mines Company, a corporation, did not well and truly prosecute the said writ of replevin with effect, but dismissed the same and the proceedings thereunder, then the verdict must be for the plaintiffs.

2. If the jury find from the evidence the facts stated in the plaintiffs' first prayer, and further find that upon the dismissal of said suit, the said goods were not returned to the plaintiffs, then the measure of damages is the value of the said phosphates, with legal interest at their discretion from the time of the taking, which they may find to have been taken by the said Bolton Mines Company, at the time they were taken; and the appraisement returned in the sheriff's schedule in the replevin suit in which the bond sued on was given, is *prima facie* evidence of such value.

3. That there is no evidence legally sufficient to prove that the sale of phosphates by the Bolton Mines Company to the Waring Manufacturing Company was fraudulent on the part of the latter company.

The defendant offered three prayers, the second of which was granted in connection with the plaintiffs' second prayer, and is omitted; the other prayers are as follows:

1. If the jury shall find from the evidence in this case that the purchase money for the fertilizers in dispute was never paid, but that the note given as purchase money is in the hands of the Bolton Mines Company, and has been tendered at the trial table to the plaintiffs, and was tendered to them by the Bolton Mines Company

when the goods were replevied, then the defendant is entitled to be credited by the jury with the amount due upon said note, and to have the same deducted from the amount for which it might otherwise be liable in this action.

3. In estimating the damages which the jury may find they have the right to take into consideration: 1. The tender and return of the note. 2. The fact that the purchase money for said goods has not, or any part of it, been paid.

The Court granted the first and second prayers of the plaintiffs, and rejected the first and third prayers of the defendant. The plaintiffs' third prayer was conceded. The defendant excepted to the rejection of its prayers and to the granting of the plaintiffs' prayers, and the verdict and judgment being for the plaintiffs, it appealed.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, McSHERRY, BOYD, and BRISCOE, J.

*Fielder C. Slingluff*, for the appellant.

*Vernon Cook*, (with whom were *Edgar H. Gans*, and *B. Howard Haman*, on the brief) for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The appellees sued the appellant, a corporation in this State, in an action of debt, as surety on a replevin bond. The following facts arise on the pleadings: On the 1st of December, 1889, the Bolton Mines Company, of Baltimore City, sold a certain lot of fertilizers or phosphates to the Waring Manufacturing Company, of Cecil County, Maryland. The goods were delivered, and a note dated, the 15th of March, 1890, was executed and delivered for the contract price. Afterwards, on the

23rd of May, 1890, the latter company, being financially embarrassed, made a deed of trust to the appellees for the benefit of creditors. This deed of trust was recorded in Cecil County, the place of domicile of the corporation, and the bond of the assignees filed on May 30th, 1890, in the same county. On the 9th of June following, the Bolton Mines Company replevied the identical goods of the appellees, and took possession of them. The replevin suit was not prosecuted with effect, or the property returned, but was dismissed by order of the plaintiff in the replevin suit. And this action was brought against the appellant, as surety on the replevin bond. The questions to be passed upon by us arise upon demurrers and exceptions to the various prayers. It is contended upon the part of the appellant that, when the fertilizers were replevied, on the 9th of June, 1890, the appellees had no title to them, because while the deed of trust was recorded in Baltimore City on the 5th of June, 1890, the assignees' bond was not filed there until the 11th of June, two days after the goods had been replevied.

This contention can be disposed of by a single reference.

In the case of *Stiefel and Cohen vs. Barton, Garnishee,* 73 *Md.,* 411, we passed upon the identical question, and in construing the 205th section of Article 16 of the Code, which provides "that every trustee to whom any estate, real, personal or mixed shall be conveyed for the benefit of creditors," * * * there said, that "a deed conveying real property for the benefit of creditors must be recorded in the county or counties, or in the City of Baltimore, in which the land lies; and, if it conveys personal property, it must be recorded in the county or city in which the grantor resides."

We said also that, as the property in dispute in *Barton's Case* was personal property, the deed ought to have

been recorded in the county where the grantor resided, and the bond of the trustee ought to have been filed with the clerk of that county for his approval. And until the deed was so recorded and the bond of the trustee so filed, no title to the property could vest in the trustee. There can be no question, then, that as the deed of trust, in the case now under consideration, was recorded and the bond of the trustees was approved and filed in Cecil County, the place of the domicile of the grantor prior to the issuing of the writ of replevin, and in the absence of fraud in the sale, which charge is abandoned by the appellant, the legal title to the personal property of the Waring Manufacturing Company passed to the trustees under the deed of assignment, and the taking of this property was a wrongful and unlawful interference with the possession of the assignees.

The subsequent recording of the deed and filing of the bond, in Baltimore City, was manifestly for the purpose of passing title to the real estate, and could in nowise affect the title to the personal estate.

The demurrer therefore to the defendant's third plea, which raised this question was properly sustained. *Wilson vs. Carson,* 12 *Md.,* 77; *Stiefel and Cohen vs. Barton, Garnishee,* 73 *Md.,* 411.

We come now to the second question in the case,— that is, the appellant's claim to recoup or set-off against the plaintiff's demand the amount of the note made by their assignor, which demand arose out of matters altogether subsequent thereto. It is well settled that recoupment is a species of common law set-off for damages due the defendant growing out of the same transaction, and is allowed in this State in actions both *ex contractu* and *ex delicto,* in order to avoid circuity and multiplicity of actions. *Baltimore Marine Insurance Co. vs. Dalrymple,* 25 *Md.,* 309; *Dowler vs. Cushwa,* 27 *Md.,* 367; *Warfield vs. Booth,* 33 *Md.,* 63.

And while it is true that an assignee for the benefit of creditors stands in the place of the assignor, and is merely such for the payment of pre-existing creditors, and takes the property under the assignment subject to all existing equities, yet it is clear that a liability sub·sequent to the assignment cannot be set-off against the assignee. *Burrell on Assignment, sec.* 403.

The reason of this is, that the assignee, in virtue of the assignment, becomes a trustee for the creditors. The status of the assignors, debtors and creditors is fixed by the assignment in trust for the creditors.

The case of *Seldner vs. Smith*, 40 *Md.*, 602, relied on by the appellant is entirely distinguishable from this case. The principle recognized and applied in that case was that a replevin bond being one of indemnity only, a surety on said bond is entitled to be subrogated to the right of his principal and to avail himself of the same defences which were open to him. In *Seldner's Case* the plaintiff was the party to whom the goods had been sold, and the title had not passed to a third party as in this case, to an assignee for the benefit of creditors. The claims were mutual, and arose out of the same transaction; whereas in the case at bar, the liability on the bond arises out of transactions subsequent to the assignment, and for a claim also subsequent thereto.

In *Thompson vs. Whitmarsh*, 100 *N. Y.*, 35, it was held that upon new contracts made by an executor or administrator, and never existing in favor of the decedent, but growing out of the dealing of the former alone, a debt against the decedent cannot be made the subject of a counter claim.

And the same rule has been established by this Court in the cases of *Scott vs. Scott*, 17 *Md.*, 78, and *Schwallenberg vs. Jennings*, 43 *Md.*, 554. To sustain the contention of the appellant would destroy the principle of equality among creditors in the settlement of insolvent

estates, and establish an inequitable preference in the administration of estates, entirely at war with the established doctrine of this Court.

For the reasons we have stated the demurrers to the pleas were properly sustained.

The plaintiffs' first prayer fairly submitted to the jury the finding of every fact essential to their right to recover, and was properly granted.

The second prayer relates to the measure of damages, and was correct.

The third prayer was conceded.

The defendant's first prayer, relating to the recoupment and set-off, was properly rejected for the reasons we have heretofore given.

The third prayer, in reference to the measure of damages, was fully covered by the plaintiffs' second prayer, which was correct.

The rulings of the Court below will therefore be affirmed.

*Judgment affirmed.*

(Decided 12th January, 1894.)