# MARYLAND REPORTS.

## OCTOBER TERM, A. D. 1894.

## JOHN K. WHITE AND GEORGE B. WHITE *vs.* PITTS-BURGH NATIONAL BANK OF COMMERCE.

*Assignment for Benefit of Creditors—Bond of Trustee—Attachment.*

Where, after an assignment for the benefit of creditors has been executed and recorded, but before a bond has been filed by the trustee, as required by Code, Art. 16, section 205, an attachment is laid upon the property of the debtors, the lien of such attachment is not affected by the subsequent filing of the bond.

Appeal from the Circuit Court for Allegany County.

On August 17, 1893, the appellants, John K. and George B. White, non-residents of the State of Maryland, but owning real and personal property situate in Allegany County, Maryland, executed an assignment to trustees for the benefit of creditors, conveying all the real and personal property of the grantors, in trust to sell and dispose of the same, etc., and pay all the just demands of the creditors of the grantors in full, or equally in proportion in the event of an insufficiency of assets. This deed was recorded on the next day. On September 12, 1893, the appellee, the Pittsburgh National Bank of Commerce, sued out an attachment against J. K. and G. B. White as non-residents, under which real and personal property of the said defendants was attached. On October 18, 1893, the trustees under the assignment filed their approved bond with the Clerk of

the Circuit Court for Allegany County. On January 6th, 1894, the defendants moved to quash the attachment upon the ground that the property attached did not belong to them when the attachment was issued, but had previously been conveyed to the said trustees. At the hearing of the motion to quash, objection was made to the admission in evidence of the bond filed by the trustees ; which objection, by a divided Court (HOFFMAN and STAKE, JJ.), was sustained, and the defendants excepted. The motion to quash being overruled and judgment of condemnation entered, the defendants appealed.

The cause was argued before ROBINSON, C. J., BRYAN, MCSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Wm. J. Read* and *De Warren H. Reynolds*, for the appellants.

A motion to quash an attachment may be made by the defendants upon the ground that the property attached did not belong to them. *Campbell* v. *Morris,* 3 H. & McH., 539 ; *Kirkpatrick* v. *O'Connell,* 62 Md. 310. Upon the execution of the deed of trust the title passed out of the grantors, but remained as an inchoate title in abeyance in the trustees, which became perfect upon the filing of a bond by them. The failure of the trustees to give bond or perform any other duty imposed by statute, does not affect the rights of the creditors under the assignment. *Winham* v. *Patty,* 62 Texas, 490; *Hardcastle v. Fisher,* 24 Mo. 70 ; *Bank of Commerce* v. *Payne,* 86 Ky. 446 ; *Scheibler* v. *Numduiger,* 85 Tenn. 674 ; 1 Am. and Eng. Ency. of Law, 874.

*Robert R. Henderson* and *Benj. A. Richmond,* for the appellee.

An examination of Section 205 of Article 16 of the Code will show that the filing of the bond was the principal, if not the sole condition precedent to the vesting of the title. It is true the deed is required to be recorded, and must

necessarily be recorded, before or at the time of filing the bond, but the vesting of the title was made to depend expressly upon the filing and approval of the bond. If the filing of the bond was a "condition precedent" to the vesting of the title, and this Court has said so explicitly in *Stiefel* v. *Barton*, 73 Md. 410, then the title of the property remained in the appellants in abeyance, liable to be attached, and the lien of the attachment having been acquired long before the bond was filed, its subsequent filing could not divest the lien, and *Stiefel's case* is conclusive of the question.

Of course we admit that the title passed to the grantees on the 18th of October when the bond was filed, and passed then for all the purposes named in the deed, but affected nevertheless by the lien of our attachment which was laid on the 12th day of September.

The delivery of a deed is an absolute condition precedent to the vesting of title in a grantee. But suppose between the time of its execution or acknowledgment and its delivery, a lien was acquired on the property, could it be contended for a moment that the subsequent delivery could carry the vesting of the title back to the date of the deed? And yet, under the express language of our statute, delivery is not any more essential to the vesting of title under trust deeds than the filing of a bond. Both and all of these requisites are only successive steps in effecting the final transmutation of title, not one of which can be omitted, and all of which must have occurred before the title passes. A lien acquired in the meantime is just as effective as though acquired before the first step was taken. If the title can go back by relation for a month, it can do so for a year or for ten years. The same doctrine would make the filing of the bond validate a sale made long before the filing of the bond, notwithstanding the statute says that no such sale shall be valid or pass any title.

The statute is a highly beneficial and meritorious one, and should not be strained or construed away from its plain

and obvious intent and meaning to suit the convenience or procrastination of careless or unwilling trustees. It was manifestly passed for the protection of creditors, by requiring the trustee to indemnify them by a bond before he could control the property. If the trustee could acquire no title and make no valid sale before giving bond, the property destined for the creditor could not be wasted or lost by the trustee.

We also contend that the deed is void on two grounds, viz.: 1st. Because it purports to convey real and personal property to J. J. Hoblitzell and M. H. Hartzell, but nowhere in the deed sets out the christian name of the grantees, other than by said initials. This, we contend, is not sufficiently descriptive under Code, Art. 21, sec. 9.

2nd. The motion to quash does not deny any of the matters set up in the affidavit for attachment or short note, but by way of confession and avoidance, merely sets up title in the garnishee to the property attached. The affidavit charges that John K. and George B. White are partners, trading as J. K. and G. B. White, and not being denied by the next succeeding pleading, *i. e.* the motion to quash, the same is taken as admitted. Acts of 1888, chap. 248 ; *Zilhman* v. *Cumberland Glass Co.* 74 Md. 303, and cases cited therein. It is thus fully made out on the Record that John K. and George B. White were partners, trading as J. K. & G. B. White. This being so, it will be apparent to the Court that the deed of trust is void. It professes to convey all the property of John K. and G. B. White, real and personal, of every description and wheresoever situate, and yet makes no provision for the application of partnership property to partnership debts, or individual property to individual debts. On the contrary, it provides that after costs and expenses are paid the trustees shall devote the whole balance of all the property conveyed to them to "pay all the just demands of the creditors of the said John K. and George B. White in full," or, if not sufficient, then to pay the same equally without preference between the individuals.

No distinction is made between partnership and individual creditors in the distribution of the assets, and this we submit renders the deed of trust void. *Gable* v. *Williams*, 59 Md. 53; *Collier* v. *Hanna*, 71 Md. 261.

PAGE, J., delivered the opinion of the Court.

On the 17th day of August, 1893, the appellants executed, for the benefit of creditors, a deed of trust, which was filed for record on the 18th day of August. On the 12th day of September following, the appellees sued out an attachment, and, on the same day had it laid on certain property of the appellants, particularly described in the return of the sheriff. On the eighth day of October next ensuing, the trustees named in the deed filed a bond for the faithful discharge of their duties, and, on the sixth day of January, 1894, the appellants moved the Court to quash the attachment, alleging that, by the execution, delivery and recording of the deed, and the filing of the bond, the property attached became and was, at the time of the issuance of the writ, the property of the trustees, and not liable to seizure and condemnation under the attachment. To the action of the Court in overruling this motion, this appeal was taken.

The sole question for this Court arises, therefore, out of the fact that, though the deed of trust was executed, delivered and recorded prior to the issuing and laying of the attachment, the bond of the trustees was not filed until afterwards. This involves the construction of Section 205 of Article 16 of the Code, by which it is provided that every trustee to whom any estate, real, personal or mixed, shall be limited or conveyed for the benefit of creditors, or to be sold for any other purpose, shall file with the Clerk of the Court in which the deed or instrument creating the trusts may be recorded, a bond, &c. * * "but when the sale is to be on a contingency, no bond need be given until the contingency happens; *no title* shall pass to any trustee as aforesaid until such bond shall be filed and approved as

aforesaid, and no sale made by any such trustee without such bond shall be valid or pass any title to such property." The proper construction of this Act has already been twice considered and passed upon by this Court, and it is unnecessary now to do more than refer to the cases. In *Barton* v. *Stieffel and Cohen*, 73 Md. 410, it was said: " Until the deed is so recorded, and the bond of the trustee so filed, no title to the property, the Code provides, shall vest in him. And, if the trustee, under such circumstances, acquired no title to the property, it remained subject to the claims of the vendor's creditors." In *Fidelity and Deposit Company* v. *Haines*, not yet reported, this construction of the statute was approved. After citing the case of *Barton* v. *Stieffel (supra)* approvingly, the Court said: "There can be no question, then, that, as the deed of trust in the case now under consideration was recorded, and the bond of the trustees approved and filed in Cecil County, the place of domicile of the grantor prior to the issuing of the writ of replevin  *  *  * the legal title passed to the trustees, &c."

The ruling of the Court below must therefore be affirmed.

*Judgment affirmed.*

(Decided November 14th, 1894.)