## ALEXANDER BROWN *vs.* THE MARYLAND TELE-PHONE AND TELEGRAPH COMPANY.

*Right of Md. Telephone Company to Supply Electric Light in Baltimore City—Title of Statute—Amendment of Charter.*

The W. Telegraph Company was incorporated under Code, Art. 23, sec. 24, which provides for the formation of corporations for operating telegraph and telephone lines and for the transaction of any business in which electricity through wires may be applied to any useful purpose. Code, Art. 23, sec. 224, provides that corporations created under sec. 24 shall obtain a special grant from the Legislature and the assent of the Mayor and City Council of Baltimore before using the streets of that city. The Act of 1892, ch. 469, amended the charter of the W. Company and authorized it to transact in Baltimore City any business in which electricity through wires is applied and to that end conferred upon the company all the rights mentioned in Code, Art. 23, sec. 111. That section authorizes companies to manufacture and sell electric light. The assent of the Mayor and City Council was given to the exercise by the W. Company of this right. *Held*, that the defendant company, the successor of the W. Company, is authorized under the Act of 1892 to do an electric light business in Baltimore City.

The charter of the W. Telegraph Company authorized it to do any business in which electricity through wires may be applied to any useful purpose. A general statute provided that in order to furnish electric light in Baltimore City a special grant of the Legislature and the assent of that city should be obtained. The title of the Act of 1892, ch. 469, is "An Act to amend the charter of the W. Telegraph Company, a corporation heretofore formed in the city of Baltimore." The body of the Act authorized the W. Company to make and sell electric light in said city. *Held*, that the subject-matter of the Act is relevant to a purpose for which the W. Company was incorporated, and that the title of the Act is in conformity with the Constitution, Art. 3, sec. 29, which provides that the subject of every Act shall be embraced in its title.

When the certificate of an amendment to the charter of a corporation professes on its face to be an amendment and sets forth the language of each article as it will read when amended, in pursuance of Code, Art. 23, sec. 47, such amendment is not to be construed as the original certificate of a new company.

The Md. Telephone Company was authorized under its charter and an Act of the Legislature to transact an electric lighting business in Baltimore City. The Act of 1900, ch. 227, entitled, An Act to amend and

enlarge the powers of that company, authorized it, in addition to its powers under the laws of the State then in force, to connect its telephone lines with the lines of other companies, but the Act contained nothing relating to the company's electric light franchise. *Held*, that the acceptance of the Act of 1900 was not an abandonment by the company of the electric light franchise, but that franchise, existing under the laws of the State at the time of the passage of the Act of 1900, was by it confirmed and approved.

Appeal from the Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Bernard Carter, W. Irvine Cross* and *B. Howell Griswold, Jr.,* (with whom was *H. L. Bond, Jr.,* on the brief), for the appellant.

*Edgar H. Gans, Wm. L. Marbury* and *N. P. Bond,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The single question presented by this appeal is whether the Maryland Telephone Company of Baltimore City has the power under its charter to do an electric lighting business in that city.

The plaintiff filed his bill in Circuit Court No. 2, of Baltimore City, alleging that the exercise of such a power by the Telephone Company is *ultra vires.* He prays for an injunction to restrain it from making any contracts looking to that end. He alleges that he is a stockholder of the defendant company and that he files the bill for himself and for all other stockholders of the said company who may be made parties and contribute to the expense of the suit.

It will not be necessary to set forth *in extenso* the numerous allegations of the bill. It is sufficient for the purposes of the case as now presented on demurrer to say that it alleges that in the year 1890 the Writing Telegraph Company of Baltimore City was duly incorporated under the general incorpor-

ation laws of this State; that by the Act of 1892, ch. 469, its charter was amended, and it was authorized "to use the streets of Baltimore for the purposes for which it had been formerly incorpoiated; that subsequently by an amendment to its certificate of incorporation its name was changed to that of the Home Telephone and Telegraph Company of Baltimore City, and that under that name it secured from that city, ordinance No. 116, to authorize said company to establish its telephone system therein. It is further alleged that the Home Telephone and Telegraph Company was placed in the hands of receivers under a bill filed for that purpose in the Circuit Court of Baltimore City in the case of *Hoen* v. *Home Tel. & Tel. Co.*, in which case a decree was passed by virtue of which the assets of said company were sold, the sale ratified and the creditors and stockholders of said company were paid in cash and the receivers discharged. It is conceded, however, as we understand it, that the Maryland Home Company was not in point of fact dissolved by these proceedings, but that it went into the hands of the present appellee the Maryland Telephone Company as a going concern, and that whatever rights the said Home Company had the Maryland Telephone Company now has as its successor.

It is alleged in the fifth paragraph of the bill that on May 17th, 1899, there was filed in the Superior Court of Baltimore City for record what purported to be a certificate of amendment of the certificate of incorporation of said Home Telephone and Telegraph Company, which it is claimed dissolved the old corporation and formed a new corporation with a new name—and the averment is "that Article two of said amended certificate constituted a new contract with the State and a new contract with those who might become stockholders in said new corporation, and that after said amendment, new stock was issued upon new considerations, and a new organization of said company was made." And finally it is alleged that the Act of 1900, ch. 227, as properly construed, destroyed the right of the Home Company if it ever possessed it, to do an electric light business.

We have thus set forth the principal allegations of the bill, sufficient we think, to present the controlling questions of the case.

The defendant demurred. Its demurrer was sustained, the bill was dismissed, and this is the plaintiff's appeal.

The controlling question, as we have said, to be considered is whether the defendant company, the present appellee, has the power to do an electric light business in the city of Baltimore and elsewhere.

(1) It is conceded that it had no such power when first incorporated in 1890 under the name of the Writing Telegraph Company, but it is contended by the defendant that this power was fully granted by the Act of 1892, ch. 469.

The Writing Telegraph Company was incorporated under sec. 24, Class 11, Art. 23 (Code of 1888), which provides for the formation of corporations "For constructing, owning or operating telegraph or telephone lines in this State * * * and for the transaction of any business in which electricity over or through wires may be applied to any useful purpose." Now by the Act 1892 just mentioned it was enacted that the Writing Telegraph Company, "a corporation heretofore formed under the provisions of the general corporation law of this State, be and the same is hereby amended, so that said corporation may, and it it is hereby authorized to transact any business in which electricity over or through wires may be applied to any useful purpose, *and to that end* all the rights and privileges mentioned in section 111 of Art. 23 of the Code of Public General Laws (1888) title, "Corporations" are conferred upon said corporation *in Baltimore City* as fully and to all intents and purposes as though such corporation had been formed to carry on the business in any city or town in Kent or Talbot counties, and all acts or parts of acts inconsistent herewith are hereby repealed." In order then to ascertain the full scope of the provisions of this Act we must refer to the provisions of section 111, because "all the rights and privileges" therein mentioned are by the very terms of the Act of 1892 granted to the defendant corporation. What are they?

That section provides that "Any electric light company formed under this section shall have full power to manufacture and sell and to furnish such quantities of electric light * * as may be required or desired in any city or town of Kent or Talbot Counties * * for lighting the streets, roads, public or private buildings." Power is also given by this same section to companies formed thereunder to construct lines, subject to certain regulations; but it is provided that nothing in Art. 23 (Corporations), "shall authorize the incorporation of electric light companies for the purpose of carrying on business or conducting operations in Baltimore City. However, sec. 254, of Art. 23 (Code 1888), provides that "any of the corporations formed under section 24, Class 11 "shall have the powers which are conferred upon telegraph companies incorporated under this article by section 224 provided "that all corporations incorporated or to be incorporated by virtue of said section 24, class eleven (and the defendant corporation is one of these) * *  * *, .shall obtain a special grant from the General Assembly of Maryland, and the assent or approval of the Mayor and City· Council of Baltimore City, before using the streets or highways of Baltimore City," * * *. It would seem, therefore, to be clear that the defendant under the name of the Writing Telegraph Company is empowered by the Act of 1892, ch. 469, to exercise in *Baltimore City* the right to do an electric light business because *that* is the right and privilege conferred by section 111 on the corporations therein named that is to have the electric light franchise in the places mentioned in that section. And all the rights and privileges so granted to those corporations are given by that section (111) to the defendant to be exercised by it in Baltimore City, if permitted by special grant of the Legislature. But if the Act of 1892 is a valid exercise of legislative power it confers upon the defendant not only the *franchise* of an electric light company, but the right to exercise them in the city of Baltimore, for it declares "and to that end" (that is in order that the defendant company may use electricity for lighting in addition to any other useful purpose), "all the rights and priv-

ileges mentioned in section 111, Art. 23, are conferred" upon it. And these rights and privileges as we know all relate to the doing of an electric light business. In addition to this the city has given its assent to the use of its streets. Hence sec. 254 of Art. 23, requiring a special grant from the Legislature and such assent from the city has been complied with, provided, the legislation relied on by the defendant is valid.

(2) This brings us to the question as to the validity of the Act of 1892, chapter 469.

It was very forcibly and earnestly contended that if the Act in question be construed as we have just said it should be, that is, as conferring upon the defendant company the right to do an electric light business, it is unconstitutional and void. We have no doubt as to the construction we have placed upon the Act, for its terms are plain, simple and direct—and the intention of the Legislature is expressed with admirable perspicuity and brevity. Is the Act of 1892, chapter 469, void because it violates Art. 23, section 29 of the Constitution of Maryland? That is to say, does it embrace but one subject and is that subject described in its title?

The title is as follows: "An Act to amend the charter of the Writing Telegraph Company of Baltimore City, a corporation heretofore formed in the city of Baltimore, under the general corporation law of this State." The charter of the Writing Company which was amended by the Act of 1892, gave that corporation power to do a general telegraph business and to transact any business in which electricity over and through wires may be applied to any useful purpose (sec. 24, Art. 23, Class 11); but, as we have seen, it was without the power to do an electric light business, before the passage of the Act of 1892. And this was conceded. But this condition arose not because the general language of its charter did not include *all* or any business in which electricity over and through wires may be applied to any useful purpose, but because there were other sections of the general law which prohibited the exercise of such a power in Baltimore City without a special grant of the Legislature and the assent of that city.

When, therefore, the Legislature amended the charter of the defendant company by the Act of 1892, by permitting it to use electricity for the only purpose it could not then use it, there does not seem to have been any radical departure from the original purpose for which it was incorporated.    It also, it seems to us, to follow necessarily from what we have just said that the amendment supplied to the defendants charter by this Act was germane, for the charter related to the use of electricity for certain specified purposes and for any useful purposes, and the amendment related to same subject, that is electricity as applied to the useful purpose of electric lighting. It will not do to say that every corporation which does an electric light business must be incorporated as such under section 30, Class 17, Art. 23, "For the formation of Gas Companies or Electric Light Companies."    Of course if the object is to form a company for the one purpose of furnishing electric light, it would naturally and properly be formed under section 30.    But we are unable to understand why a corporation may not exercise the functions of a telephone and electric light company, "if in the judgment of those forming said company the same may be conducted by one corporation with advantage to its general interests" (Art. 23, sec. 38), especially when, as we have said, the two purposes are so closely connected as in the present instance.    In a word the title of the Act shows that the Act was passed to amend the charter, and that is what the Act does by permitting the use of electricity for an additional purpose.    As we said in *Gans* v. *Carter*, 77 Md. 10, "Every provision of the Act refers and relates to the powers and franchises of the company"—to wit, the use of electricity over or through wires for a useful purpose.

There is nothing in the case of *Edison Co.* v. *Hooper, &c.*, 85 Md. 111, which conflicts with these views.    There the question was whether the Edison Company whose constituent companies were formed as this defendant was, under Art. 24, Class 11, could under the Act of 1890, chapter 233, use the streets of Baltimore without its consent, and we held that it could not.    But we said there, as it is contended here by the

defendant, that under the Act of 1890, identical in phraseology with the Act of 1892, that the Edison Company secured the right to furnish electric lights.   It also appears from the case just cited that the Edison Company which was an electric light company was, or its constituent companies were, incorporated under the same section and class this defendant was, and not under section 30 which provides for gas or electric light companies.

Without prolonging this opinion by a further discussion of this question our conclusion is that the Act of 1892, chapter 469, does not violate sec. 29 of Art. 23 of the Constitution of Maryland.

(3)   Did the *amendment* of 1899 to the charter of the defendant result in the formation of a new corporation?  In other words is it an amendment of an existing charter, or the original certificate of an entirely new company.   If the latter, it is evident, such was not the intention of the persons who signed it—and this appears from the face of the paper itself. Thus in the very outset of the certificate they declare that they "make, declare and adopt the following *amendment* to the certificate of incorporation of the Home Telephone and Telegraph Company of Baltimore City   *   *   *   and thereupon we the above named having been duly authorized and empowered and directed by said corporation by a resolution of the Board of Directors   *   *   *   unanimously approved and authorized by the stockholders of said body corporate at a lawful meeting held at the office of the company in the city of Baltimore on the 15th May, 1890, do hereby certify the following *amendments* to the said certificate of incorporation and amended certificate of incorporation to wit:  First, we do hereby certify that Article 1 of said certificate of incorporation as amended as above mentioned is hereby *amended* to read as follows.   Then comes Art. 1 as it would read when amended —and so on with the remaining articles.   There can, we think, be no doubt as to the intention.   Nor can there be any question as to the form in which the amendment was moulded in view of the provisions of sec. 47, Art. 23, which provides

that "if any alteration of the articles or provisions of the charter of any corporation shall be made by authority of the corporation, such alteration or amendment shall be made known, acknowledged and recorded in the same manner as prescribed in sections 42, &c." These sections give the form of an original certificate and direct how it shall be executed, acknowledged and recorded. And the certificate of amendment here in question complies with every requirement prescribed in those sections.

(4) But finally it was strongly urged by the plaintiff that even if it be conceded that the Act of 1892, chapter 269, is constitutional, that it gave the defendant the right to do an electric light business and that the amendment of 1899 is what it purports to be, yet inasmuch as the Act of 1892 is not referred to in the Act of 1900, chapter 227, the right to do an electric light business granted by the Act of 1892 has been abandoned.

We cannot agree to this view. We have held the defendant has an electric light franchise and it is conceded it had a telephone franchise. It is not to be assumed that the corporation would voluntarily relinquish either of them, or that in the absence of some good cause the Legislature would intentionally deprive its creature of such valuable rights. There is nothing affirmative upon the face of the Act to support this contention of the plaintiff. It is entitled an "Act to amend the charter and *enlarge* the powers of the Maryland Telephone Company of Baltimore City." The preamble recites the several amendments of the defendant's charter by which changes in its name were made to show it is the same corporation which had formerly been known first as the Writing Telegraph Company and then as the Home Telephone and Telegraph Company. The first section authorizes the appointment of the directors from their own number of an executive committee of five with certain powers. The second section authorizes the defendant to connect its *telephone lines* with the lines of certain other telephone companies. But there is not a word in the whole Act relating to defendants' electric light

franchise.   Can this silence be construed as an abandonment?
We think not?   But independent of this view, section
1 begins by declaring that the powers therein granted
are given "*in addition to the powers of the said Maryland Tele-
phone Company* under the laws of this State now in force." One
of the powers thus given, as we have said, is the power to do
an electric light business under the Act of 1892, chapter 269,
which certainly was in force when the Act of 1900 was
passed.   Hence, in our opinion, the language of the Act of
1900, so far from showing an abandonment of the Act of 1892
is an express affirmance and approval of it.   It has been sug-
gested, however, that the words we have just referred to to-
wit "in addition to the powers of the said Maryland Telephone
Company under the laws of this State now in force" were in-
tended to embrace only the provisions of the general incor-
poration law, as contained in the Code, and that hence, the
Act of 1892 conferring the special grant to do an electric
light business in Baltimore City, was not included within the
powers that were saved and perpetuated by the Act of 1900.
But why the scope of this language should be thus restricted
in its application, certainly no good reason has been suggested.
Undoubtedly the Act of 1892 was clearly within the terms of
the Act of 1900.  It was a law of Maryland, it granted powers
to the defendant and it was in force, and in our opinion the
electric light franchise thereby granted, was and was intended
to be confirmed and approved by this reference.   The con-
struction of the Act of 1900 we have just been considering
would we think, as is said by the learned City Solicitor Bruce
in his opinion given to the city authorities on this subject, a
very "pinched" one.

We hold, therefore, that the Maryland Telephone and Tel-
egraph Company of Baltimore City received the electric light
franchise from the State of Maryland under the Act of 1892,
ch. 469, as approved and confirmed by the Act of 1900, ch.
227, and that having obtained the assent of Baltimore City in
1904 it may exercise that right in that city under such regu-
lations as the Mayor and City Council has prescribed or may
hereafter prescribe.

It follows that there was no error in sustaining the defendants demurrer and hence the decree dismissing the bill will be affirmed.

*Decree affirmed with costs.*

(Decided June 23rd, 1905.)