Matthias, J.
 

 The provisions of Section 8561,
 
 *19
 
 General Code, relative to the filing of chattel mortgages, require that the same shall be “deposited with the county recorder of the county where the mortgagor resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the county recorder of the county in which the property so mortgaged is situated at the time of the execution of the instrument.”
 

 The place where an Ohio corporation is to be located or its principal business transacted is required by Section 8625, General Code, to be set forth in its articles of incorporation, and change thereof may be made only in the manner prescribed by statute. Sections 8719 to 8722, General Code. The evident purpose of this requirement is that there may be no uncertainty as to the place of residence of the corporation. The articles of incorporation are of record, and from that source its designated residence may be readily ascertained and known with definiteness and certainty. If such designation is not controlling, the place of residence in many instances would be in doubt, and in numerous cases, where a corporation is engaged in business in various localities in the state, it would be difficult to determine its place of residence or the place where its principal business is transacted otherwise than at the end of a lawsuit through the determination of a court. In the meantime a mortgagee would be in doubt as to the county wherein a chattel mortgage given by the company should be filed. This company is a construction company and in the work in which it is engaged would probably have a place of business in each county where it has a contract to perform, and remove therefrom upon its completion. This court
 
 *20
 
 held in the case of
 
 Pelton
 
 v.
 
 Transportation Co.,
 
 37 Ohio St., 450, 457, that a certificate of incorporation specifying the place where the principal office of the company is to be located is conclusive. This declaration was relative to the return of personal property for taxation, but the principle involved is applicable here. In a comparatively recent case, State,
 
 ex rel. Stanton, Pros. Atty.,
 
 v.
 
 Zangerle, Auditor,
 
 117 Ohio St., 436, 159 N. E., 823, this court approved and followed the
 
 Felton case
 
 and held that the principal office of the corporation, which constitutes its residence or domicile, is not to be determined by the amount of business transacted, but by the place designated in its articles of incorporation.
 

 In
 
 Fairbanks Steam Shovel Co.
 
 v.
 
 Wills, Trustee in Bankruptcy,
 
 240 U. S., 642, 36 S. Ct., 466, 60 L. Ed., 841, a case from the state of Illinois, involving statutes quite similar to our own governing the residence of corporations and the filing of chattel mortgages, the Supreme Court of the United States held that the county in which the principal office of the corporate mortgagor is located by its certificate of incorporation is, unless changed by formal action, the residence of the mortgagor within the provisions of the statute of that state relative to the filing of chattel mortgages. In that case it appears that the mortgagor had its actual place of business in Cass county, but in its articles of incorporation had designated Chicago, Cook county, as the place of its principal office. The conclusion of the court was based upon the following proposition quoted from
 
 Ex parte Schollenberger,
 
 96 U. S., 369, at page 377, 24 L. Ed., 853:
 
 “A
 
 corporation cannot change its residence or its citizenship. It can have its legal
 
 *21
 
 home only at the place where it is located by or under the authority of its charter.”
 

 The contention made by the receiver in this case was maintained by the trustee in bankruptcy in the
 
 Fairbanks Steam Shovel case, supra,
 
 the Illinois case. With reference to the question presented there the court said, at page 648 of 240 U. S., 36 S. Ct., 466, 469: “It is hardly necessary to say that whatever equities, if any, arose out of the mortgagor’s representation that its principal place of business was at Beardstown, or out of the fact that the mortgage was given to secure a part of the purchase price of the dredge, were confined in their effect to the immediate parties, and could not operate to estop the trustee in bankrupty, representative of the interests of creditors, for whose protection the recording act was passed.”
 

 We are of the opinion that the cancellation of the articles of incorporation by the Secretary of State under the provisions of Section 5509, General Code, had no effect upon the requirement of the statute in the respect under consideration; the two years suspension not having expired at the time the rights of the respective parties herein were fixed.
 
 Eversman
 
 v.
 
 Ray Shipman Co.,
 
 115 Ohio St., 269, 152 N. E., 643. In the
 
 Eversman case
 
 it was held by this court that the validity of contracts entered into or mortgages executed by a corporation was not affected by the prior action of the secretary of state pursuant to that statute. As stated in the opinion in that case, at page 277 of 115 Ohio State, 152 N. E., 643, 645: “It becomes clear that it was not intended to confer that power [to terminate the franchise ot a corporation] upon the secretary of state further
 
 *22
 
 than to facilitate the filing of reports and the collection of fees and taxes. * * * And it is equally clear that by Section 5513 the final power to forfeit and annul corporate privileges and franchises was made to rest where it has always rested, in a court of competent jurisdiction, to be invoked by a proceeding in quo warranto.”
 

 It follows that the mortgage in question, not having been filed in the county of the residence of the mortgagor, as required by statute, is invalid as to the creditors of the corporation, and the claim of the receiver should have been sustained. The judgment is therefore reversed.
 

 Judgment reversed.
 

 Kinkade, Robinson, Jones, Day and Allen, JJ., concur.