O'TOOLE TIRE COMPANY ᴇᴛ ᴀʟ, *v.* JOHN B.
GAITHER, JR., INC. ᴇᴛ ᴀʟ.

(Two Appeals in One Record)

[No. 146, September Term, 1957.]

*Decided March 5, 1958.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

*Lewin Wethered* and *Francis N. Iglehart, Jr.,* with whom were *L. Wethered Barroll* and *E. Scott Moore* on the brief, for the appellants.

*Herbert H. Hubbard* and *Southey F. Miles, Jr.,* with whom was *Jerome M. Asch* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

In the certificate of incorporation of John B. Gaither, Jr., Inc., a Maryland corporation, filed in 1950, a Baltimore County address is designated as the principal office. This designation has never been changed in any of the ways prescribed by Code, 1951, Art. 23, Secs. 8 and 10, or Code (1957 Supp.), Art. 23, Sec. 8 (c) although the company moved its office first to another Baltimore County address and then to a Baltimore City address. In November, 1956, the corporation executed a deed of trust for the benefit of creditors, conveying all of its personal property to trustees. As required by Code, 1951, Art. 16, Sec. 275, the deed was recorded, the trustees filed their bond, and on their petition the Circuit Court of Baltimore immediately assumed jurisdiction of the trust. The deed was recorded in Baltimore City. In January, 1957, O'Toole Tire Company and Burnbrae, Inc., the appellants, each recovered a judgment against the Gaither corporation in the Circuit Court for Baltimore County and issued attachments on the judgments that were laid in the hands of the trustees, as assignees of the corporate assets, on the theory that the deed of trust was ineffective because it had never been recorded in Baltimore County, the county of the residence of the corporate grantor, as the law requires. The trustees moved to quash the attachments, and the court granted their motion, finding that the location of the principal office of the corporation had been effectively changed from Baltimore County to Baltimore City because charter amendments (that had changed the purpose clause and the amount of capital stock, respectively) in which it was recited that the corporation had moved its office, had been filed with the State Tax Commission. Judge Cullen held that this amounted to substantial compliance with the provi-

sions of Code, 1951, Art. 23, Secs. 8 and 10, and that failure to comply strictly with those provisions was merely a formal defect.

In the articles of incorporation filed in 1950, the principal office of the Gaither corporation was named as 3544 Milford Mill Road, Baltimore County. In January, 1954, a charter amendment enlarging the general purposes of the corporation was filed with the State Tax Commission. In a preamble it was stated that the principal office had been moved to a new location in Baltimore County, at 1525 Reisterstown Road. In December, 1954, a second amendment effected changes in the stock structure of the corporation. Again by way of preamble it was stated that the principal office of the corporation was at 10 W. 25th Street, Baltimore City. At no time did the board of directors adopt a resolution changing the location of the principal office from 3544 Milford Mill Road, the original location, nor did the board or the stockholders adopt and record with the State Tax Commission any articles of amendment specifically changing the principal office from Baltimore County to Baltimore City. The secretary of the State Tax Commission testified that the Commission still lists the principal office of the corporation as 3544 Milford Mill Road. At the time of the execution of the deed of trust, and for some time before, the corporation had maintained a business office and mailing address at 10 W. 25th Street, where its records and books were kept and its payroll made out. The corporation also had filed with the State Tax Commission personal property tax returns, required of ordinary domestic corporations, as of January 1, 1955, and January 1, 1956, in which the principal office and place of business was stated to be 10 W. 25th Street, Baltimore, Md.

The company also maintained an office in an outbuilding on the farm of the president on Rice's Lane in Baltimore County, to which he had moved from Milford Mill Road. There were company telephone listings for both the City office and the Rice's Lane location. The maintenance supervisor used the County office, and Mr. Gaither, the president of the company, generally directed the daily affairs of the corporation from the Baltimore County address. Most of

the personal property of the corporation—large trucks and construction machinery—was physically located in Baltimore County. Only office furniture was physically located in the office in the City.

*Stiefel v. Barton,* 73 Md. 408, 412, under the statute now in Code, 1951, Art. 16, Sec. 275, held that a deed conveying personal property to a trustee for the benefit of creditors, like a bill of sale, must be recorded in the county in which the grantor resides. There the grantors did business in Baltimore City but resided in Prince George's County, and the deed was recorded in the City and the bond of the trustee was filed with the clerk of the Superior Court. It was held that an attachment issued by the creditors of the grantors and laid in the hands of the trustee as garnishee gave the attaching creditor a lien upon the property because no title had passed to the trustee. It was said: "And if the trustee under such circumstances, acquired no title to the property, it remained subject to the claims of the vendor's creditors. The appellants, as creditors, are therefore, in our opinion, entitled to a judgment of condemnation upon the attachment thus laid in the hands of the appellee." See also *White v. Pittsburgh Nat'l Bank,* 80 Md. 1; and *Briley v. Pinkston,* 215 Md. 417.

In the *Stiefel* case, the grantors were individuals, and the place of their residence was conceded. It is generally held that the residence of a corporation is the jurisdiction designated as its principal office in its articles of incorporation. 8 *Fletcher, Cyclopedia Corporations,* Chap. 48, Sec. 4048. Many cases establish this as a controlling principle in varying situations, including those involving chattel mortgages or bills of sale. See an excellent discussion in *In re Merrymeeting Products Corporation* (N. D. Me., 1956), 139 F. Supp. 625, 629. See also *Sweeny v. Keystone Driller Co.* (Ohio), 170 N. E. 436; *First National Bank v. Wilcox* (Wash.), 130 P. 756; *Giesler v. Sedro Hardwood Co.* (Wash.), 9 P. 2d 1104; *Woodruff Electric Cooperative Corp. v. Weis Butane Gas Co.* (Ark.), 255 S. W. 2d 420; *In re Riverdale Production* (S. D., N. Y.), 107 F. Supp. 87; *Fair-*

*banks Shovel Co. v. Wills,* 240 U. S. 642, 60 L. Ed. 841; *Guterman v. Rice* (1st Cir., 1941), 121 F. 2d 251.

The cases have been strict in refusing to recognize a change of corporate residence that is not accomplished in the manner required by the controlling statutes, even though, in fact, there has been a move or a change of principal office. Code, 1951, Art. 23, at the times here pertinent, provided only two ways in which the principal office of a corporation could be changed. Section 8 (b) says: "A corporation may designate or change its resident agent or its principal office in this State by filing with the Commission a certified copy of a resolution of the board of directors of the corporation authorizing such designation or change." Section 10 authorizes a change in the principal office by amendment of the charter. Amendment of the charter after the issuance of stock requires a resolution by the board of directors. Appellees argue, as the trial court found, that there was a substantial compliance with the statutory provision for a change of the principal corporate office. We think that since there has never been a resolution of the board of directors of the Gaither corporation, either authorizing the change of the principal office or amending the charter to effect such a change, there is no room for the application of the theory of substantial compliance. See *Shutter Bar Co. v. Zimmerman,* 110 Md. 313; and compare *Brown v. Maryland Telephone Co.,* 101 Md. 574.

In *Guterman v. Rice,* 121 F. 2d 251, 254, *supra,* the question was whether a chattel mortgage was recorded in the proper jurisdiction under the laws of Massachusetts. There the corporation was organized in 1914, and its charter gave the location of its principal office as Boston. It transacted business in Boston until 1925, when it moved all of its activities to Everett, Massachusetts. The change of location was never authorized by its stockholders, nor were there ever filed any articles of amendment setting forth that the location had been changed. After 1925 the corporation had no mailing address, no telephone listing, no salesroom and no property in Boston, and on each of the twelve annual certificates of condition filed with the Commissioner of Corporations from 1926 on, it was stated over the signatures of the officers of

the corporation that its principal office was in Everett. It twice issued capital stock after 1925 and the amendments to its charter gave its principal office as Everett. All of the papers referred to were approved by the Commissioner of Corporations. The company amended its by-laws and stated that its principal office was in Everett. In 1934 it executed a chattel mortgage which was recorded in Everett. The corporation became bankrupt and the trustee sought to have the mortgage declared invalid. The Court granted the relief sought. It said that the residence of a domestic corporation for the purposes of the chattel mortgage recording act was the location stated to be its principal office in its charter. The Court, referring to the articles of amendment and the certificates of condition, as well as to the amendments of the by-laws, held that they could not be regarded as effecting a legal change of the office, because the statutory requirements as to the vote of stockholders and the filing of the prescribed papers had never been accomplished. It said: "To hold that a domestic corporation can effectively change its legal residence without complying with the mandatory provisions of the Corporation Law is to make the applicable provisions of that law meaningless. * * * The articles of association were to be conclusive as to this residence, at least for purposes necessitating a definite fixed place where creditors or the general public could have the assurance of finding recorded that information which the legislature has determined they are entitled to have, and no change was to be effective until made pursuant to the statute." The Court went on to point out that there was no weight to the argument that there was substantial compliance with the statutory requirements, and concluded: "It is our opinion that the bankrupt corporation did not legally change its principal office from Boston to Everett since it did not comply with the statutory requirements for such change."

In *Fairbanks Shovel Co. v. Wills,* 240 U. S. 642, 60 L. Ed. 841, referred to above, the Supreme Court invalidated a corporate chattel mortgage as against creditors because it was not recorded in the county in which the mortgagor resided, as the Illinois law provided. The mortgagor corpo-

ration had designated its principal office as Cook County. No formal attempt was ever made to change the principal office. A chattel mortgage was given seven years after the corporation had moved its office to a new location and was recorded in the county of that location but not in Cook County. The Supreme Court said that the mortgage was ineffective since it was not registered at the residence of the mortgagor, which was its principal office, conclusively established by its articles of incorporation, and that an attempt at informal change of the location of the principal office was ineffective. In *Sweeny v. Keystone Driller Co.* (Ohio), 170 N. E. 436, *supra,* the insolvent corporation had stated in its articles of incorporation that its principal office was in Franklin County. This was never changed according to law, although two years after incorporation, it moved to Cuyahoga County, and thereafter had no business or property in Franklin County. A chattel mortgage given by the corporation was recorded in Cuyahoga County but not in Franklin County under a statute requiring recording in "the county where the mortgagor resides at the time of the execution thereof." The mortgage was held to be improperly recorded since the residence of the corporation was still in Franklin County because the corporation had never amended its articles according to the statute.

The appellees urge that the attachments must fail because the property conveyed by the corporation to the trustee was in *custodia legis* and because of the effect of the trust fund doctrine. Neither point was raised or considered below and, under Maryland Rule 885, ordinarily would not be presented for decision. If the points were before us, we think that neither would aid the appellees. The contention as to the property being in *custodia legis* was urged on the Court in *Stiefel v. Barton,* 73 Md. 408, *supra,* but was not deemed worthy of discussion in the opinion. It may well have been that this was because there was no trust as to which the Court could assume jurisdiction. Those named as trustees took no title, and therefore title remained in the grantor and was fully subject to whatever liens rightfully could be imposed on it by creditors. Whatever may be the near shore

line or the horizons of the trust fund doctrine as to insolvent corporations (see *Hammond v. Lyon Realty Co.,* 163 Md. 442), it would seem, although we do not find it necessary to decide the point, that it would not be applicable to, or control, a situation where some court of jurisdiction competent under the circumstances, had not been properly called on to administer the property and affairs of the insolvent corporation for the equal benefit of all creditors.

To prevent preferences or the favoring of one creditor over others, the bankruptcy courts, the insolvency courts, and courts of equity are always available upon proper call, and were in the matter before us.

We think·that the appellees took no title to the property attempted to be transferred to them since the deed of trust was not recorded in the county of the legal residence of the corporate grantor and, therefore, there was error in quashing the attachments.

*Order reversed, with costs.*