## ANDROSCOGGIN & KENNEBEC RAIL ROAD COMPANY *versus* ISAAC T. STEVENS.

Where a rail road passes over parts of two counties, the Rail Road Corporation may maintain an action of assumpsit in that county wherein they have an office which is " made the depositary of the books and records of the company by a vote of the directors, and a place where a large share of the business is transacted, " although the company may at the same time have another office in the other county, where the residue of their business is transacted, and in which the treasurer and clerk reside.

THIS case came before the Court upon the following statement of facts : —

This is an action of assumpsit on a note of hand, given by the defendant to the plaintiffs, for the amount of sundry assessments laid upon his stock in that company, and which at the date of said note were due and unpaid. The plaintiffs are a corporation, duly established in this State. Said note was made payable at the office of the Treasurer of said company at Waterville. The writ is dated Feb'y 22d, 1848, and may be referred to. The plaintiffs were organized as a corporation on the 6th March, 1847, by the choice of directors, some of whom reside in the county of Kennebec, some in the county of Cumberland, and others in the counties of Lincoln, Somerset, Franklin, and Penobscot. The clerk, who keeps the records of said company, resides in Winthrop, but keeps no office there, but is required by vote of the directors to keep the books and records of the corporation, at their office

in said Danville, for the transaction of business. The treasurer of said company resides in Waterville, and has his office there. The company have an office in Waterville, and one also in Danville in the county of Cumberland, both of which are established places of business of the company. A large share of the business of said company is transacted at the company's office in Danville, where the agent of said company resides. The residue of the business of the company is transacted at their office in Waterville. One quarter part of the stockholders live in the county of Cumberland, and the residue in the counties of Kennebec, Franklin, Somerset, Oxford, York, Lincoln, Penobscot and Piscataquis. The assessments are all made payable to the Treasurer of the company at his office in Waterville. The directors hold their meetings sometimes at Winthrop, sometimes at the company's office in Waterville, and sometimes at the company's office in Danville. The rail road which the company are constructing lies partly in the county of Cumberland and partly in Lincoln and Kennebec counties.

It is agreed, that if upon the foregoing facts this action is not rightly commenced in the county of Cumberland, the plaintiffs shall become nonsuit, otherwise the defendant shall be defaulted. And it is further agreed, that the above agreed statement of facts shall have the same effect as if a plea had been filed to the jurisdiction of the Court, and an issue made thereon.

*W. Goodenow*, for the plaintiffs.

*E. Noyes*, for the defendant.

The opinion of the Court was drawn up by

TENNEY J. — The only question presented in this case is, whether the action being commenced in the county of Cumberland can be maintained. Every corporation instituted under the authority of this State, shall keep the office of its clerk, together with its records and papers at some place within this State. Rev. Stat. c. 76, § 2. When one of the parties is a corporation, not a town, parish or school district,

an action may be brought in any county in which such corporation shall have a place of business. Rev. Stat. c. 114, § 11, 12, and 13.

The residence of the plaintiffs' clerk and treasurer is in the county of Kennebec, but the clerk has no office in that county, but is required by a vote of the corporation to keep the books and records at their office in Danville in the county of Cumberland, for the transaction of business, where the corporation have such office, at which a large share of their business is transacted, their agent having his residence there. Another office is established at Waterville in the county of Kennebec, where the residue of the business is done. The directors hold meetings at Winthrop, and also at the company's offices in Danville and Waterville.

The plaintiffs are a corporatian under the authority of this State, duly organized ; the office at Danville, being made the depositary of the books and records of the company by a vote of the directors, and the place where a large share of the business is transacted, is " an established place of business" of the corporation, and the action is maintainable in the county of Cumberland. By the agreement of the parties the defendant is to be defaulted.