## In re FARMERS' CO-OPERATIVE CO. OF BARLOW, N. D.

(District Court, D. North Dakota, S. E. D.    February 8, 1913.)

**1.** BANKRUPTCY (§ 140*)—RIGHTS OF TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE CONTRACT.

Bankruptcy Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests a trustee as to all property in the custody or coming into the custody of the bankruptcy court with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, does not give him a right to property in the possession of the bankrupt but not paid for, which was delivered to him under a contract of conditional sale reserving title in the seller until payment of the price, and which was recorded in accordance with the laws of the state prior to the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

**2.** BANKRUPTCY (§ 165*)—PROPERTY HELD UNDER CONDITIONAL SALE CONTRACT —RIGHT OF SELLER TO RECLAIM—"PREFERENTIAL TRANSFER."

That a conditional sale contract under which property was delivered to a bankrupt was not recorded as required by the laws of the state until within four months prior to the bankruptcy does not deprive the seller of the right to reclaim the property if unpaid for, since, never having become the property of the bankrupt, the contract could not operate as a "preferential transfer" within the meaning of Bankruptcy Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1506).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

In the matter of the Farmers' Co-operative Company of Barlow, North Dakota, bankrupt. On review of order of referee. Reversed. See, also, 202 Fed. 1008.

Todd & Kerr, of St. Paul, Minn., for trustee.

Lawrence & Murphy, of Fargo, N. D., for International Harvester Co. and another.

AMIDON, District Judge. This cause comes before the court upon a certificate of the referee, certifying to the court for review an order made by him on the 10th day of July, 1912. The controversy arises out of these facts: The Northern Rock Island Plow Company on September 2, 1910, entered into a conditional sale contract with the bankrupt, agreeing to supply it with certain classes of farm implements, the title to which was to remain in the seller until the purchase price was fully paid. Thereafter, during the fall of 1910, it supplied the property involved in this controversy. The contract was not filed in the office of the register of deeds until February 24, 1912. The petition in bankruptcy was filed March 9, 1912. and the adjudication was entered on the 29th of the same month. The plow company petitioned the referee for an order directing the trustee to turn over the property to it by reason of its reserved right in the contract. This the referee refused to do, but, on the contrary, entered a decree declaring that the trustee in bankruptcy held the property free and clear of any claim of the petitioner. The plow company now seeks a review of that order.

[1] It should be noticed that the conditional sale contract was filed for record on the 24th day of February, 1912, fourteen days before the filing of the petition in bankruptcy. The referee held it void as against the trustee because the filing was within four months of the filing of the petition. This I think was clearly erroneous. The trustee in bankruptcy derives his right from section 47a, subd. 2, as amended by the act of 1910. The purpose of the amendment is now reasonably clear. Under the original act several of the Circuit Courts of Appeal had held that the filing of the petition in bankruptcy amounted to a seizure of the property of the bankrupt, and conferred upon the trustee the same rights as a creditor would have obtained by the levy of an execution or attachment at the date of the filing of the petition. In re Shirley, 112 Fed. 301, 50 C. C. A. 252; York Mfg. Co. v. Cassell, 135 Fed. 52, 67 C. C. A. 526; In re Ducker, 134 Fed. 43, 67 C. C. A. 117. But in York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, the Supreme Court held these decisions to be unsound, and ruled that the trustee simply stood in the shoes of the bankrupt, and took the property subject to every claim that could have been urged against him. The amendment of 1910 was passed for the purpose of reinstating the rule as declared by the Circuit Courts of

Appeal. In re Williamsburg Knitting Co. (D. C.) 190 Fed. 871, 878; In re Farmers' Supply Co. (D. C.) 196 Fed. 991.

The trustee, therefore, as the amendment plainly declares, "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." This language measures the right of the trustee. The history of the statute, as above outlined, shows that those rights are obtained by the filing of the petition in bankruptcy. That act is by the amendment given the same force as the seizure of the property under execution or attachment by a creditor, and cannot be given any retroactive effect. In re Jacobson & Perrill (D. C.) 200 Fed. 812. If a creditor had levied upon the property here involved at the date of the filing of the petition, he would have acquired no rights as against the plow company, because it had filed its contract some time before; and the trustee, by the very language of the statute, has no higher right than such a creditor. The right to go back four months from the date of the filing of the petition is confined to transactions which are specifically enumerated in the Bankruptcy Act, and the courts cannot properly apply those provisions to other transactions.

[2] The trustee's main reliance, however, is that the granting of the petition of the plow company would secure to it a preference over the other creditors of the estate. By section 60a of the Bankruptcy Act, the contract must be judged as of the date of its filing. Because that date fell within four months of the filing of the petition, the referee held that to enforce the provisions of the conditional sales contract would secure to the plow company a preference. I am unable to concur in that view for two reasons: First, the bankrupt never had any title to the property. The title was, by the terms of the contract, reserved to the seller. By the great weight of authority, such a reservation is entirely valid. Harkness v. Russell, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. Ed. 285; Williston on Sales, 324. The only right in the property which the bankrupt secured was the right of possession. The property was not, therefore, the property of the bankrupt, and the contract could not in any aspect amount to a transfer of "its property" within the meaning of sections 60a and 60b. Second. The reservation of title in the contract does not amount to a transfer from the buyer to the seller. It is simply a reservation of title by the seller to himself as one of the conditions upon which possession of the property is transferred to the buyer. The contract cannot, therefore, be held to amount to "a transfer" of property from the buyer to the seller. It has sometimes been said by courts and text-writers that a conditional sale amounts to a sale of the property with a mortgage back. That is not its character, and nothing but confusion can result from attempting to describe a conditional sale in terms of a mortgage. If the purchaser pays down a part of the purchase price at the time of the sale, or at a subsequent date before the seller attempts to enforce the condition, it is quite true that the buyer has an equitable interest in the property by reason of the payments. When the facts present such a case, it may be that a court of bankruptcy

will find a way to protect the equitable interest of the bankrupt against forfeiture. Williston on Sales, § 579. The present case, however, presents no such question, for the evidence shows, and the referee has found, that the amount now due on the contract considerably exceeds the purchase price of the property here involved.

It is therefore ordered that the order of the referee be, and the same is hereby, reversed, and the trustee is directed to deliver to the plow company the farm implements described in its petition.