## HILL v. GERBER et al.

Circuit Court of Appeals, First Circuit. February 20, 1928.

No. 2176.

1. Appeal and error ⊚➝1022(1)—Master's findings, confirmed by District Court and sustained by evidence, will not be set aside, unless clearly wrong.

Where there is evidence to sustain findings of fact of master, which are confirmed by District Court, they will not be set aside by appellate court, unless clearly wrong.

2. Bankruptcy ⊚➝184(2⅛)—Chattel mortgage by corporation, to be valid against trustee in bankruptcy, must be recorded in city where it has its principal established place of business; "established place of business" (Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121).

Phrase, "established place of business," in Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121, requiring that mortgage of personal property given by corporation, in order to be valid against trustee in bankruptcy, must be recorded in city, town, or plantation where it has its established place of business, means its principal established place of business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Established Place of Business.]

3. Bankruptcy ⊚➝184(2⅛)—Location of corporation, as regards town for filing chattel mortgage, was not conclusively determined by return made to secretary of state (Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121).

Location of corporation for purpose of determining city, town, or plantation where mortgage of personal property of corporation must be recorded, under Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121, was not conclusively determined by return filed with secretary of state, showing location to be Portland, Cumberland county, Me., where its principal place of business was in South Portland, Cumberland county, and it also had another place of business in Cumberland county, in view of Rev. St. Me. c. 51, § 9, requiring certificate of organization to contain name of county only, and chapter 91, § 5, making county factor in determining venue, rather than town in county, since designation of town in return was surplusage.

4. Bankruptcy ⊚➝184(2⅛)—Chattel mortgage by corporation, recorded at town in county where was principal place of business, was valid against trustee in bankruptcy (Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121).

Where, under return filed with secretary of state, location of corporation was stated to be Portland, Cumberland county, Me., and its clerk's office was there, and some meetings of directors and stockholders were held there, but it had established place of business in Falmouth, in same county, and its principal place of business was in South Portland, Cumberland coun-

ty, and in mortgages it described itself as having place of business in South Portland, mortgages covering personal property by corporation were properly recorded at South Portland, under Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121, and were valid against trustee in bankruptcy.

5. **Bankruptcy** ⬅️184(2⅛)—**Mortgage by corporation, covering real estate and personal property, recorded only in registry of deeds, was not valid against trustee in bankruptcy as to personal property (Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121).**

Where mortgage by corporation, covering both real estate and personal property, was not recorded in clerk's office of any city or town within county in which corporation was located, but was recorded only in registry of deeds of such county, it was not valid against trustee in bankruptcy, so far as it covered any personal property, under Rev. St. Me. c. 96, § 1, as amended by Pub. Laws Me. 1919, c. 121.

Appeal from the District Court of the United States for the District of Maine; John A. Peters, Judge.

The Deering Ice Company was adjudicated a bankrupt December 20, 1926. Thereafter Abraham Gerber and others filed a petition to have the validity of certain mortgages determined. From a decree sustaining the validity of the mortgages, John W. Hill, trustee in bankruptcy, appeals. Decree modified in accordance with opinion; and as modified, affirmed, and action remanded.

Maurice E. Rosen, of Portland, Me., for appellant.

Israel Bernstein, of Portland, Me., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree in bankruptcy by the District Court for the District of Maine upon the petition of the appellees, sustaining the validity of certain mortgages given by the bankrupt, the Deering Ice Company, of which the appellant is trustee.

The Deering Ice Company is a corporation organized under the general laws of the state of Maine, and was adjudicated a bankrupt December 20, 1926.

March 1, 1926, it gave to Jacob Bronstein and Veta Gerber a mortgage on certain real estate in South Portland, in the county of Cumberland and state of Maine, and also on other real estate in Falmouth, in said county, to secure the payment of the sum of $60,000, and also upon the same date, as additional security for the payment of said sum, a mortgage to the same parties on "all personal property of the said Deering Ice Company, of whatever nature and description, used in conduct and management of the business of the aforesaid company and including among other items 1 Garford 2-ton truck, 1 Garford 2½-ton truck, 1 White 3½-ton truck, 1 Velie 3½-ton truck, 2 Ford trucks, 8 horses, wagons, machinery, harness, and other equipment; also all the ice stored at Norton's Pond, so called, in Falmouth, Me., and all the ice stored in the pond at Wild Rose Park, South Portland, Me., together with all ice to be harvested on both said ponds during the next five years."

The real estate mortgage was duly recorded in the registry of deeds of the county of Cumberland, March 5, 1926, and the chattel mortgage in the clerk's office of the city of South Portland, in said county, March 11, 1926.

Abraham Gerber, one of the petitioners, is the holder and owner of a second mortgage given to him by the bankrupt March 25, 1926, upon the real estate described in the mortgage to Bronstein et al., and also upon "the equipment and machinery now on said premises and the ice stored in the ice houses there." This mortgage was recorded in the registry of deeds of Cumberland county May 24, 1926. It does not appear to have been recorded in the clerk's office of South Portland or elsewhere.

A special master was appointed "to take the testimony and report his findings of facts and conclusions of law." He filed a report March 9, 1927, and found that the consideration of the above mortgages was cash, the payment of certain prior existing mortgages, the assumption of the payment of others, and the payment of notes and postdated checks and other obligations of the bankrupt. He also found that the consideration of the second mortgage given to Abraham Gerber was the payment by the latter to the bankrupt of $10,000. He further found that the officers of the corporation who executed these mortgages were authorized to do so by votes of the directors of the company; that the records of these votes were written up, signed by the clerk, seen and read by certain witnesses, but had been lost or destroyed; that the above mortgages were made by the officers of the company under the authority conferred upon them by the corporation; that the terms of the loans and mortgages were discussed with and understood by all the directors and stockholders of the company, and assented to by them, and that they were made and used for corporate purposes; that

the treasurer and president of the company had authority to execute the aforesaid mortgages as the directors of the corporation "acted as a board in authorizing the treasurer to procure the loan and inasmuch as all stockholders actually knew of the mortgage and approved the same"; that, in view of the great risk which the mortgagees took, the terms of the mortgages were not unconscionable; and that said mortgages are valid and subsisting liens against the trustee in bankruptcy. He ruled, as a matter of law, that the Deering Ice Company had its established place of business at South Portland, in the county of Cumberland and state of Maine, and that the mortgage of personal property was properly recorded there under R. S. Me. c. 96, § 1, as amended by chapter 121, Public Laws of Maine 1919. As a result of his findings and conclusions of law, he found there was due on the first mortgage $55,500, with interest at 10 per cent. from September 1, 1926, and on the second mortgage $7,940.

The report of the master was confirmed by the District Court, with an opinion in which it is stated: "An examination of the testimony taken before the master makes it apparent that there was evidence to authorize his findings, and I cannot say that I would come to any contrary conclusion myself."

In argument and upon his brief the attorney for the appellant has assigned two grounds for reversal of the decree of the District Court:

(1). That the mortgages in question are valid only to the extent of the actual consideration actually received by the bankrupt.

(2) That the chattel mortgage as to the plaintiff is void, because of want of proper record or description.

[1] A careful examination of the record discloses that this corporation had no financial backing; that from the very first of its corporate existence it was compelled to borrow money; that the incorporators were all members of the same family, a father, his sons, and son-in-law; that an ice plant was purchased at South Portland, in the further development and repair of which considerable money, largely borrowed by the company, was expended; that later another plant was acquired at Falmouth, in Cumberland county; and that in its struggles to keep the business of the company afloat it was compelled to mortgage all its real estate and personal property upon terms which, as to rate of interest and bonuses given, would not have been necessary, had the company been in a stronger financial condition.

The master and the District Court have found that the mortgages in question were not unconscionable, or obtained by fraud or duress, and this finding is supported by the evidence. We are satisfied that there was evidence to sustain the findings of fact of the master, which were confirmed by the District Court, and that therefore, under the familiar rule, they will not be set aside by an appellate court unless clearly wrong.

The invalidity of the chattel mortgages, as against the trustee in bankruptcy, is asserted because the first chattel mortgage was recorded in the city clerk's office of South Portland, and not in that of Portland.

Chapter 96, § 1, R. S. Me., requires that a mortgage of personal property given by a corporation in order to be valid against a trustee in bankruptcy must be recorded "in the city, town, or plantation where it has its established place of business." Under the return filed with the secretary of state the location of the corporation was stated to be "Portland, Maine, in the county of Cumberland." Its clerk's office was there, and some meetings of the directors and stockholders were held there, although it appears that the parties, because of their relationship and their full understanding and agreement as to matters which affected the corporation, thought it unnecessary to have formal meetings. It had an established place of business in South Portland, and also at Falmouth, in the county of Cumberland; but its principal place of business, as disclosed by the record, was in South Portland, and in the mortgages which it gave it described itself as having a place of business in South Portland.

At a directors' meeting held February 6, 1924, there was a record of a vote "to establish suitable offices at Broadway Garage, until permanent office is established when telephone put in at ice pond." The Broadway Garage, as appears from the record, was in South Portland, and the ice pond referred to was the one at South Portland, because the ice pond at Falmouth had not then been acquired.

[2] Our attention has not been called to any decision of the Supreme Court of the state of Maine which has construed the statute as applied to the recording of a mortgage of personal property given by a domestic corporation which has several places of business in the county where it is located, nor have we been able to find any. The construction, however, which we place upon the language of the statute, "its established place of business," is that it means its principal

established place of business. If the Legislature had intended to include any other, the language would have been "an established place of business," but by the use of the singular, and the word "its," it is evident that one place of business is referred to, and that, we think, is its principal established place of business.

[3, 4] In some jurisdictions it has been held that the location of the corporation is conclusively determined by the return made to the secretary of state. It will be noted, however, that under R. S. Me. c. 51, § 9, the certificate of organization to be filed with the secretary of state before commencing business is required to contain the name of the county only where the corporation is located, and that, if the corporation afterwards desires to change its location from one county to another in the state, a provision for doing so appears in section 56 of the same chapter. R. S. Me. c. 91, § 5, which fixes the county in which actions in which a corporation is summoned as a trustee shall be brought, provides that the residence of a corporation "shall be deemed to be in the county in which it has its established or usual place of business, held its last annual meeting, or usually holds its meetings," thus making the county the factor in determining venue in such actions, rather than any town in the county.

While the certificate of organization filed with the secretary of state in this case gave "Portland, Maine, in the county of Cumberland," as the location of the corporation, it was necessary to state the county only in which the corporation is located. The designation of a town in the county was therefore surplusage, and Cumberland county was the location given. The statutes of Maine, so far as they deal with the location of corporations, were enacted therefore to fix the venue of actions against a corporation in which it was a party or in which it was summoned as trustee. In Androscoggin & Kennebec Railroad Co. v. Stevens, 28 Me. 434, cited by the appellant in support of his contention that Portland was the established place of business of this corporation, a railroad passed through two counties in the state of Maine. By a vote of the corporation the books and records were kept in one county, at a place where the corporation had an office

and at which a large share of its business was transacted. In the other county, the residue of its business was transacted. The directors held meetings in both counties. The court cited Revised Statutes of Maine, requiring a corporation instituted by authority of the state to keep the office of its clerk, together with its records and papers, at some place within the state, and held that, as the office in one county had been made the depositary of the books and records of the company by vote of its directors, and was the place where a large share of its business was transacted, it was "an established place of business of the corporation," and an action against it was maintainable in that county. In the present case the corporation carried on no business in Portland and had no business office there, nor had Portland been designated by any vote of the directors of the company as the place which should be the depositary of its books and records, and it is clearly distinguishable from the case cited. The recording of the first mortgage at South Portland complied with the statute.

[5] It does not appear, however, that the second mortgage, which covered both real estate and personal property, was recorded in the clerk's office of any city or town within the county, but that it was recorded only in the registry of deeds of Cumberland county. Under the statute, therefore, it is not valid against the trustee in bankruptcy, so far as it covered any personal property.

It is also contended by the trustee that the description of personal property in the first mortgage is not sufficient. This contention is without merit; the description was sufficient, and identified the property, so that it might be ascertained.

The validity of both mortgages of real estate, and the amount due under each, as determined by the District Court, is affirmed, as is also the validity of the first mortgage of personal property; but the second mortgage, so far as it covers personal property, is invalid against the trustee, because of failure to record it.

The decree of the District Court is modified in accordance with this opinion, and, so modified, is affirmed, and the action is remanded to that court for further action not inconsistent with this opinion. The petitioners appellees recover costs in this court.